IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZHOU SHENGYANG,<br>               Petitioner,<br>v.<br><br>ROBERT GUARDIAN, Immigration and Customs<br>Enforcement, Dallas Field Office,<br>               Respondent. | No. 3:17-CV-531-G |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a citizen of China. On or about March, 2010, Petitioner entered the United States on a non-immigrant B2 tourist visa that allowed him to stay until September 22, 2010.

On June 2, 2011, Petitioner was convicted of trafficking and attempted trafficking in counterfeit goods, and aiding and abetting, in violation of 18 U.S.C. §§ 2320(a)(1) and (2). He was sentenced to 87 months in prison.

On April 6, 2016, Petitioner was issued a final order of removal. On August 9, 2016, Petitioner was transferred from Bureau of Prisons custody to ICE custody.

On February 23, 2016, Petitioner filed the instant petition. He argues he has been in ICE custody more than six months, and that his removal is not likely in the reasonably foreseeable

future because China has refused to issued travel papers.

## II. Discussion

Petitioner claims his continued detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The *Zavydas* case designates six months as a presumptively reasonable period of post-order detention, and concludes that "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id*. at 699.

On June 15, 2017, Respondent filed a status report stating that on June 8, 2017, the Consulate General of the People's Republic of China issued a travel document for Petitioner to return to China. Petitioner has not filed a response to Respondent's status report.

The Court finds Petitioner has failed to show that his removal is not reasonably foreseeable. His petition should be denied.

## III. Recommendation

For the foregoing reasons, the Court recommends that the petition be denied.

Signed this 6th day of September, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).